■ In the Matter of BRETT A. VAN SLYKE, Petitioner, v ONONDAGA COUNTY DEPARTMENT OF PERSONNEL et al., Respondents. [688 NYS2d 312] —Determination unanimously confirmed without costs and petition dismissed. Memorandum: Petitioner was employed as a correction officer for about five years until he was laid off and placed on a Preferred Eligible List (List) for reappointment as a correction officer or to a comparable position. Within two months, petitioner was notified that he was being considered for appointment to the position of Deputy

Sheriff, a position comparable to that of correction officer. A Sheriff's detective who interviewed petitioner before administering a polygraph examination concluded that petitioner had violated several sections of the Penal Law. The examination was canceled. Petitioner was advised that he would not be offered employment with the Sheriff's Department and was requested to execute a waiver of his right to appointment from the List. He declined to do so.

At a hearing pursuant to Civil Service Law § 81 (7), the detective testified that petitioner's responses to several questions established that petitioner was unfit for the position. Petitioner's testimony contradicted that of the detective in several material aspects. The Hearing Officer sustained the first charge against petitioner, namely, that he accepted gifts or gratuities from inmates in exchange for favors. With respect to the remaining charges, the Hearing Officer concluded either that the evidence did not support them or that proof of guilt would not warrant dismissal from public service.

Petitioner contends that there is no substantial evidence to support the determination to remove his name from the List. The testimony of the detective constitutes substantial evidence to support the determination. Although that testimony is hearsay, inculpatory hearsay statements may constitute substantial evidence (*see, Matter of Krouth v New York State Bd. of Parole*, 184 AD2d 1012, 1013, *lv denied* 80 NY2d 758; *see generally*, Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C7803:3, at 359, citing *People ex rel. Vega v Smith*, 66 NY2d 130, 139).

We reject the contention of petitioner that the penalty is so disproportionate to the offense as to be shocking to one's sense of fairness (*see generally, Matter of Pell v Board of Educ.*, 34 NY2d 222, 234-235). Accepting gifts or gratuities from prisoners in exchange for favors is a violation of 9 NYCRR 7019.1 and could lead to dismissal of a correction officer (*see*, Civil Service Law § 81 [7]). (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Onondaga County, Major, J.) Present—Denman, P. J., Green, Pine, Hayes and Hurlbutt, JJ.